KING *et al. v.* STATE.

(*Jackson,* April Term, 1936.)

Opinion filed May 23, 1936.

JOHN A. SHELTON, of Adamsville, and J. E. VIRES, of Selmer, for plaintiffs in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiffs in error, at the September, 1934, term of the circuit court of McNairy county, submitted to a charge of assault and battery, and were fined $5, each, and the costs of the case. At the May, 1935, term of said court, plaintiffs in error made a motion in writing to retax the costs, complaining of witness fees and mileage, aggregating $169.52, allowed nine witnesses, on the principal ground that said witnesses did not prove their attendance as required by law. The court overruled the motion to retax the costs, and plaintiffs in error have appealed to this court and assigned errors.

The compensation of witnesses in criminal cases is regulated by sections 11973-11975 of the Code. Section 11975 is as follows:

"Probate of attendance.—He shall prove his attendance, in open court, by oath, before the clerk, that he has not, directly or indirectly, procured himself to be summoned as a witness; that he was legally summoned on behalf of the state, and has verily attended the court, as a witness, the number of days claimed."

After the filing of the motion to retax the costs complained of, the clerk of the court swore the witnesses to the number of days they attended court, in said case, and the number of miles traveled by them. We think this came too late. Section 9803 of the Code is as follows:

"When probate of attendance taken.—The clerks of the courts may take probate of witnesses' attendance at any time between the commencement and the final decision of the cause, either in vacation or in term time."

The final decision of the case of *State of Tennessee* v. *Owner King and Otto King,* was at the September, 1934, term of the court. After final decision of the case, the

clerk was without legal authority to probate the attendance of witnesses subpoenaed therein. A strict observance of the requirements of the statute is essential to a valid allowance of witness fees and mileage. This court said in *Lancaster* v. *State,* 71 Tenn. (3 Lea), 652, 654, 655, referring to section 11975 (5394):

"This is a plain, direct and positive statute, and the failure to enforce it, opens such a wide door for fraud and speculation upon the State and counties, that it seems to us that there is every reason for its rigid enforcement, especially when the point is made directly and at the proper time. That in this particular instance the costs may be paid by the defendant, does not alter the case. Possibly a failure to observe the positive requirements of this statute may account, in some instances, for the unreasonable bills of costs against the State and counties."

We think the trial judge was in error in overruling the motion to retax the costs complained of, and the judgment must be reversed and the case remanded, with directions to strike from the bill of costs the items specifically set forth in the motion, consisting of witness fees and mileage.